## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE AT JACKSON

| | |
|---|---|
| **OLD GUARD INSURANCE COMPANY,** | |
| Plaintiff**,** | |
| vs. | CASE NO: **1:25-cv-01282-STA-jay** |
| **CLAUDE HEATH and WILLIAM GRIFFIN,** | |
| Defendant(s). | |

## DEFENDANT GRIFFIN'S MOTION TO VACATE DEFAULT JUDGMENT AND CERTIFICATION OF JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B) AND 55(C)

Defendant William Griffin ("Mr. Griffin"), appearing *pro se*, respectfully moves this Court to vacate the Default Judgment Order and Certification of Judgment entered on February 20, 2026. Mr. Griffin further moves to set aside the Clerk's Entry of Default entered on February 17, 2026.

This Motion is brought pursuant to Federal Rule of Civil Procedure 60(b)(4) because the judgment is void due to defective service of process and violations of fundamental due process. In the alternative, relief is warranted under Rule 60(b)(1**)** for excusable neglect and Rule 55(c) for good cause. As set forth in the accompanying Memorandum of Law, the default was not willful, Mr. Griffin possesses multiple meritorious defenses—including a binding appraisal award signed by Plaintiff's own appraiser—and Plaintiff will suffer no prejudice if this case is decided on its merits.

WHEREFORE, Mr. Griffin requests that the Court vacate the default judgment, set aside the entry of default, and grant him twenty-one (21) days to file his Answer and Counterclaims.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT JACKSON**

| | |
|---|---|
| **OLD GUARD INSURANCE COMPANY,** | |
| Plaintiff, | |
| vs. | CASE NO: **1:25-cv-01282-STA-jay** |
| **CLAUDE HEATH and WILLIAM GRIFFIN,** | |
| Defendant(s). | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GRIFFIN'S MOTION TO VACATE DEFAULT JUDGMENT**

## I. INTRODUCTION

The Default Judgment entered against Mr. Griffin is a legal nullity that must be vacated as a matter of law to prevent a manifest miscarriage of justice. This litigation arises from a property insurance claim following a widely known catastrophic January 2024 snow and ice storm in Tennessee. After a comprehensive investigation and a binding appraisal process conducted pursuant to the policy terms, an award of $220,041.43 was issued in favor of the insureds on November 12, 2025. Critically, this award was signed by all three members of the appraisal panel, including the appraiser selected and paid by Plaintiff Old Guard Insurance Company ("Old Guard").

Rather than honoring the binding award, Old Guard filed this declaratory judgment action on December 9, 2025, seeking to "set aside and hold for naught" the very award its own representative signed. The judgment obtained by Old Guard is void because service of process was facially defective and impossible. Furthermore, Plaintiff's counsel secured the default through sharp

practice, rushing to file a proposed order immediately after Mr. Griffin reached out to request time to defend, while failing to inform this Court of that contact.

## II. STATEMENT OF FACTS

### A. The Underlying Insurance Claim and Binding Appraisal

On January 16, 2024, Tennessee was inundated with nine inches of snow and ice. On January 25, 2024, Griffin received a text from his partner's son who was on the property with the tenant stating the roof at 5332 Pleasant View Road was "leaking like hell". (Ex F) Griffin promptly inspected the property, documented the damage, called a mitigation contractor, and the partner reported the loss to Old Guard. Old Guard sent a third-party consultant, Seek Now, who acknowledged damage to the roof and interior caused by ice damming and Plaintiffs issued two payments on the claim, never once raising a coverage issue, protest a mitigation charge, or issue a Reservation of Rights letter.

After that initial payment, and over the course of 12 months of going through agent Jessica Grinnell seeking payment for the mitigation and request for re-inspection, Defendant invoked the appraisal provision of Policy No. 247827Q on February 7, 2025. Instead of naming their appraiser within the allotted 20 days, Plaintiffs brought out engineers and other consultants to try to defeat their own coverage decision from a year earlier and did not name their appraiser until May 19, 2025 causing the unwarranted delay that they blamed the Defendant for in their complaint, even claiming a reservation of rights from which they had long been estopped. Following the formal appraisal, and after Defendant had spent thousands employing an impartial appraiser and paying his portion of the umpire fee, an award was executed on November 12, 2025, setting the

Replacement Cost Value at $220,041.43. The award was signed by all three panel members including Jerry Provencher, the appraiser paid by Old Guard. (Ex E)

### B. Defective Service and Lack of Personal Jurisdiction

Old Guard filed its Complaint on December 9, 2025. On January 14, 2026, a Proof of Service was filed alleging personal service on Mr. Griffin. However, the Proof of Service (ECF No. 15) is impossible on its face and internally contradictory. The process server declared under penalty of perjury that he served the summons on William Griffin as the person "designated by law to accept service of process on behalf of Crockett Co. Sheriff Office". Mr. Griffin is a private citizen and has never been an agent for any law enforcement or governmental entity. Mr. Griffin also informed his then counsel that there were pages missing from the complaint portion of the voluminous attachments exceeding 370 pages. (Ex A)

### C. The Race to Default and Violation of Due Process

Mr. Griffin was originally represented by the Insurance Litigation Group, whom he specifically hired at their own request to handle this case. Unbeknownst to him, and without valid reason or discussion, ILG had abruptly withdrawn from representation on December 16, 2025 (Ex B). He had promptly contacted ILG's office regarding the defective service and was assured by ILG staff that they were aware of the filing and that the attorney would reach out if anything was needed from him.  He did not actually receive notice of their backing out until February 18, 2026, when their termination letter, which had been sent USPS 2-day delivery, was discovered on an adjacent property apparently having been displaced by wind. Defendant later learned that his mail carrier had signed the letter himself, as well as others, and left it at a rarely used entrance at the Defendants' home without his knowledge. (Ex B, Ex C)

Mr. Griffin immediately contacted ILG's attorney who stated that they thought he had received the money from the appraisal and wasn't cooperating with the EUO, which couldn't be true when their letter admits receiving a copy of the complaint from Old Guard's counsel, James R. Tomkins. Defendant contacted Mr. Tomkins via email at 3:12 PM on February 18, 2026. Mr. Griffin explained the situation with ILG and requested "a few days" to enter an appearance. Mr. Tomkins replied at 3:55 PM, stating, "I will advise Old Guard of your email and let you know what they say". (Ex D)

Rather than providing the promised update, Mr. Tomkins filed a Proposed Default Judgment Order and Certification of a Default Judgment that same evening at 6:10 PM. Counsel did not inform the Court that Mr. Griffin had contacted him or requested time to defend. On February 19, 2026, Mr. Tomkins replied via email stating Old Guard would not grant an extension, but he failed to mention that he had already submitted a final order to the Court. This Court signed the order the following morning, February 20, 2026, unaware of Mr. Tomkins's omissions. (Ex D)

### III. ARGUMENT

### A. THE JUDGMENT IS VOID UNDER RULE 60(B)(4)

Under Federal Rule of Civil Procedure 60(b)(4), a court must vacate a judgment if it is void. Relief under this subsection is mandatory, not discretionary, and can be sought at any time. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

### 1. Lack of Personal Jurisdiction Due to Defective Service

A judgment is void if the court lacked personal jurisdiction over the defendant due to improper service. *See Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). The Sixth Circuit requires

"strong and convincing evidence" of proper service. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). (Ex A)

The Proof of Service filed at ECF No. 15 is facially defective because it identifies Mr. Griffin as an agent for the Crockett County Sheriff's Office. This internal contradiction renders the service invalid, as a private individual cannot be "designated by law" to accept service for a governmental body they do not serve. Actual notice of a lawsuit does not cure such a fundamental defect in service. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999). Without valid service, this Court never acquired jurisdiction, and the judgment must be vacated. (Ex.A)

### 2. Violation of Fundamental Due Process

Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections". *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff's counsel engaged in a "race to default" that intentionally bypassed the requirements of fair play. By promising to "advise his client" of the request for an extension while simultaneously filing the proposed order behind Mr. Griffin's back—and failing to disclose this contact to the Court—counsel deprived Mr. Griffin of a meaningful opportunity to be heard. A judgment entered in violation of due process is a nullity. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). (Ex F)

### B. GOOD CAUSE EXISTS TO SET ASIDE THE DEFAULT UNDER RULES 55(C) AND 60(B)(1)

Even if the judgment were not void, it should be set aside under the more lenient "good cause" standard.

**1. The Default Was Not Willful**

**1.Willfulness requires an intentional or reckless disregard of the judicial process. Mr. Griffin did not ignore this case.**

Mr. Griffin believed his former counsel, Insurance Litigation Group, was defending the matter. After reviewing the defective summons (Ex A) he noticed pages were missing. To follow up, he called the ILG office the next morning and was told by a paralegal "don't worry, the attorneys are aware of the complaint and Mordechai or Milton will get back with you if they need anything'. She also mentioned they were still waiting on the errata sheet so he could sign the verification of the EUO transcript.  At that time, he had no reason not to rely on the response he received, and especially due to not actually having possession or notice of their wrongful withdrawal that had occurred over a month earlier unbeknownst to him. (Ex B)

On February 18, 2026, a USPS 2-day delivery envelope from ILG was discovered on a neighboring property containing a letter Dated December 16, 2025, (Ex B) that shows ILG withdrawing from the case without providing any reason or that a default was imminent. Mr. Griffin finally determined the reason he did not receive the letter was because it was signed by a recent hire mail carrier without his knowledge and left on a rarely used porch eventually being displaced by wind. The mail carrier attested to the same via affidavit. (Ex. C)  Defendant contacted ILG immediately and was told by their managing partner that they withdrew because they thought he had received the appraisal money direct from insurer and did not pay them and had failed to provide the EUO documents. Defendant explained that neither was the case and was assured by Mordechai Brier the situation would be rectified. ILG has never entered an appearance despite attending the EUO and

making assurances they would correct the withdrawal, thereby abandoning representation of Mr. Griffin without notifying him or the court. Attorney abandonment and Mr. Griffin's actions show that he did not willfully default in this matter and should be allowed to defend the litigation.

**2.  Defendant Acted Promptly Upon Learning of the Default And Conferred With Plaintiffs Counsel**

Mr. Griffin conferred with the Plaintiffs attorney on Wednesday, February 18 via email and Plaintiffs counsel responded Feb 19 stating his client was opposed to any extension.  Due to reading emails from his phone, Mr. Griffin did not see the proposed order Plaintiffs counsel filed that same evening of Feb 18  at 6:10 pm which was before he informed Mr. Griffin of their opposition on the 19th and Mr. Griffin did not actually see the proposed order until seeing a docket sheet on February 28, 2026. Mr. Griffin has not delayed or ignored the case and was not notified by Plaintiffs counsel of the motions being filed prior to their filing. (Ex D)

**2. Mr. Griffin Possesses Multiple Meritorious Defenses**

A defendant need only show a "hint of a suggestion" of a meritorious defense to prevail on a motion to set aside a default. Mr. Griffin far exceeds this burden:

- **Binding Appraisal Award:** A formal and binding appraisal concluded on November 12, 2025, resulting in a $220,041.43 award signed by all three panel members, including Old Guard's own appraiser, Jerry Provencher. (Ex E) Under Tennessee law the award is binding as to the amount of loss and by participating in the appraisal the parties expressly agree that the  appraisal panel will decide the amount of the loss  related to the covered peril. Here the Plaintiffs did not, and cannot, show that this appraisal panel exceeded the scope of its authority or that there is a genuine issue of material fact as to coverage for the loss

and the binding nature of this three-signature award. The Declaratory action was filed by Plaintiffs counsel simply to evade payment of the award. (Ex E)

- **Mitigation check is legitimate**

  Defendants Bank records and a sworn affidavit from contractor Kyle Woods confirm that the $3,500 mitigation invoice and check were authentic and related only to necessary emergency work. The back of the check shows that contractor deposited it shortly after the time of the loss. This same affidavit directly refutes the allegation of fraud and other allegations made by Plaintiffs in their complaint. (Ex F)

- **Accurate Date of Loss:** Defendants EUO document submissions (Ex G) show the correct date of loss through contemporaneous text, emails, written timeline, etc. and shows that he fully cooperated in the investigation and complied with his duties after loss. and the Plaintiffs own third party report compiled in early February, 2024 that they relied upon in determine coverage clearly documents and opines that the damage to the roof and interior was caused by the ice damming event. These submissions also prove that there was no coverage issues then, and there were not any when the Declaratory action was filed. Plaintiffs narrative is impossible and demonstrably false. (Ex G)

- **Full Cooperation:** Mr. Griffin attended an Examination Under Oath (EUO) with then counsel (ILG) on November 7, 2025, and provided all requested documentation on December 8, 2025, and there have been no further requests from Plaintiff's since that date. This Exhibit shows their allegations of non-cooperation are refuted by the record. In fact, Plaintiffs failed to provide Defendant with the errata and obtain his signature on the verification sheet to validate his EUO testimony which they refer to often in the complaint,

yet it is not an exhibit to the complaint or located in the record – and it is not valid. Plaintiffs knew that the EUO was not yet validated at filing and that no genuine issues or factual basis existed to support the allegations it refers to in the complaint.

### 3. Plaintiff Will Not Be Prejudiced

Prejudice in this context means future prejudice caused by reopening the case, such as the loss of evidence. Here, we are at the initial service of process stage of litigation and all relevant documents, photos, etc. already exist and the EUO transcript has yet to be reviewed and verified. Reopening the case merely requires Old Guard to participate litigate the claim on its merits rather than evade a binding appraisal award through a procedural technicality.

### IV. CONCLUSION

The Default Judgment in this matter was obtained through a combination of taking advantage of Attorney abandonment, defective service, and a lack of procedural transparency by Plaintiffs' counsel. Because the judgment is void and Mr. Griffin has presented overwhelming evidence of multiple meritorious defenses, the Court should vacate the default judgment to avoid a miscarriage of justice and allow the case to proceed to a fair resolution on the merits.

Dated: March 23, 2026

Respectfully submitted,

s/William Griffin
William Griffin,
Pro Se Defendant
128 Poplar Street
Gadsden, TN 38337
P: 731.420.1402
E:william@griffinlossconsultants.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TENNESSEE AT JACKSON

OLD GUARD INSURANCE COMPANY

Plaintiff,

vs.                                                  CASE NO: 1:25-cv-01282-STA-jay

CLAUDE HEATH and WILLIAM GRIFFIN

Defendant(s).

## AFFIDAVIT OF WILLIAM GRIFFIN IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT AND CERTIFICATION OF JUDGMENT
----------------------------------------------------------------------------------------------------------------------

I, William Griffin, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a Defendant in this action and make this declaration based on personal knowledge.

2. I was not served with a valid or complete summons and complaint by the process server on January 14, 2026.

3. The approximate 376 pages were in disarray and pages were missing from the complaint portion.

4. I am not an agent for the Crockett County Sheriff's Office and have no authority to accept service for them yet the summons states that I do.

5. I called the law offices of Insurance Litigation Group to let them know about these issues and was told by staff that "they had a copy of everything" and the attorneys would "reach out if they needed anything from me".

6. I believed my attorneys at ILG were handling this litigation until a withdrawal letter dated December 16, 2025, contained in a USPS 2-day delivery envelope was discovered on an adjacent property on February 18, 2026.

7. My mail carrier had signed for the letter himself and placed it at a rarely used entrance at my home, thus ending up in an adjacent lot next to mine.

8. I immediately contacted ILG managing partner Mordechai Brier upon receipt of that letter, who told me their reason for the withdrawal was they thought I had received payment for the appraisal award and that I had not submitted my EUO documentation, yet I had not been paid and I had timely submitted the EUO documentation to Plaintiffs on December 8, 2025. I was led to believe ILG was proceeding with the representation, but ILG never entered an appearance.

9. To be safe, I contacted Mr. James Tomkins via email the same day to request an extension.

10. Mr. Tomkins told me he would "advise Old Guard." Thinking we were awaiting a response from his client, I did not expect, nor did I see the proposed default order he had attached to another email sent later that evening due to opening from my phone it appeared to be the same email.

11. The correct date of loss is January 25, 2026 and I possess a binding appraisal award for $220,041.43 signed by all three appraisal panel members on November 12, 2025, including Old Guard's appraiser, Jerry Provencher, determining the amount of loss resulting from the ice damming.

12. No coverage issue was ever raised by the Plaintiffs until I demanded appraisal on February 7, 2025, and their first reservation of rights letter wasn't sent until February 25, 2025.

13. Plaintiffs' policy deadline of twenty days to name their appraiser was February 27, 2025 but was not actually named until May 19, 2025.

14. I have never received the errata for the Examination Under Oath nor have I signed the verification of that EUO which Plaintiffs oft refer to in their complaint.

15. I have overwhelming proof that the allegations pertaining to me in Plaintiffs' declaratory action are false and that I have acted in good faith throughout the claim investigation and have not committed any type of fraud.

16. I can prove that this action was filed solely as a tactic to avoid paying a valid appraisal award and to take full advantage of my situation with ILG.

Executed on this 23rd day of March, 2026.

s/William Griffin
William Griffin,
Pro Se Defendant

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2026, I served the foregoing on defense counsel of record, Mr. Jim Tomkins, via CM/ECF, or where necessary, via email.

/s/ William Griffin
William Griffin
