**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT JACKSON
OLD GUARD INSURANCE COMPANY,**

| | |
|---|---|
| **OLD GUARD INSURANCE COMPANY** | CASE NO: **1:25-cv-01282-STA-jay** |
| Plaintiff**,** | |
| vs. | |
| **CLAUDE HEATH and WILLIAM GRIFFIN** | |
| Defendant(s). | |

**DEFENDANT GRIFFIN'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS**

Defendant William Griffin ("Defendant"), appearing *pro se*, respectfully submits this Answer,

Affirmative Defenses, and Counterclaims in response to Plaintiff Old Guard Insurance Company's

("Old Guard") Complaint for Declaratory Judgment.

**I. ANSWER TO COMPLAINT**

Defendant responds to the numbered paragraphs of the Complaint as follows:

1. Griffin lacks sufficient information to admit or deny the jurisdictional allegations and

    therefore denies them.

2. Griffin admits that Plaintiff seeks declaratory relief but denies that Plaintiff is entitled to

    any such relief under the law or the facts of this case.

3. Griffin lacks sufficient information to admit or deny the corporate status and principal place

    of business of Old Guard and therefore denies.

4. Griffin lacks sufficient information to admit or deny the residence of Defendant Claude Heath and therefore denies.

5. Griffin admits he resides in Tennessee.

6. Griffin admits a policy of insurance was issued but denies all remaining allegations and characterizations of the policy terms.

7. Griffin admits submitting a sworn statement in proof of loss but denies Plaintiff's characterizations of the claim amount and denies any implication of impropriety.

8. Griffin denies the allegations in Paragraph 8, including assertions that documents submitted were "purported," "false," or improper. Griffin denies any wrongdoing.

9. Griffin admits Old Guard made requests for information but denies that he failed to cooperate. Plaintiff cannot show that the EUO is valid or that any requests were made after the Examination Under Oath (EUO).

10. Griffin lacks information regarding allegations against Defendant Heath and denies them.

11. Griffin denies that he failed to comply with reasonable requests and denies all allegations of inadequate explanation or failure to provide information.

12. Griffin lacks information regarding Heath's EUO and denies those allegations.

13. Griffin admits he appeared for an EUO with counsel on November 7, 2025, and states he fully cooperated.

14. Griffin denies that he failed to provide documents and denies all allegations of noncooperation.

15. Griffin denies each and every allegation in Paragraph 15. Griffin denies testifying untruthfully and denies misrepresenting any facts.

16. Griffin admits that a binding appraisal process was followed and an award was issued on November 11, 2025, but denies Plaintiff's characterization of the process and its legal effect.

17. Griffin admits the policy forms exist but denies Plaintiff's interpretation of those provisions.

18. Griffin denies any breach of the Commercial Property Conditions.

19. Griffin denies any breach of the Causes of Loss—Special Form.

20. Griffin denies that the loss occurred outside the policy period. The loss occurred on, or about January 25, 2024, during the policy period.

21. Griffin denies the loss was caused by wear and tear or lack of maintenance.

22. Griffin denies that Defendant Heath breached the policy or prejudiced the investigation.

23. Griffin denies each and every allegation that he breached the policy, failed to cooperate, engaged in fraud, submitted false documents, or testified falsely.

## II. FACTUAL REBUTTAL

### A. The Correct Date of Loss is January 25, 2024

The loss occurred on January 25, 2024, following a catastrophic snow and ice storm on January 16 that dropped nine inches of snow across the region. On January 25, 2024 Mr. Griffin's partner

and tenant reported that the roof was "leaking like hell". Once weather permitted safe inspection of the roof, Mr. Griffin inspected the property on January 28, 2024, and documented the damage on January 31, 2024. These facts were explained during the EUO, yet Plaintiff intentionally misstates the date of loss as February 12, 2024, in its Complaint to create a false narrative of misrepresentation.

### B. Full Cooperation and Attendance at EUO

Mr. Griffin cooperated extensively throughout the investigation. He attended an EUO with counsel on November 7, 2025, and submitted all requested documentation. Plaintiff's counsel promised to provide a copy of the EUO transcript and an Errata Sheet for Mr. Griffin to review and sign; however, Plaintiff never provided these materials and instead filed this lawsuit relying on that same uncorrected and unsigned transcript to support its allegations in the complaint, yet the EUO is not even attached to the complaint.

### C. Authenticity of Mitigation Invoices and Check

Plaintiff alleges that Mr. Griffin submitted a "false" check and invoice related to Woods Maintenance and Construction. This is demonstrably false. The check was issued from Mr. Griffin's escrow account on February 12, 2024, and bank records confirm it cleared shortly thereafter. The contractor, Kyle Woods, provided a sworn affidavit explaining the invoice form discrepancy issue and verified the legitimacy of the $3,500 mitigation invoice and confirming he was paid in full.

### D. The Binding Appraisal Award

The appraisal process was invoked properly under the policy on February 7, 2025. On November 12, 2025, the appraisal panel issued a binding award, setting the Replacement Cost Value at $220,041.43. Most significantly, this award was signed by all three panel members, including Jerry Provencher, the appraiser selected and paid by Plaintiff Old Guard itself. Under Tennessee law, this award is binding as to the amount of loss.

### III. AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming any burden of proof not imposed by law:

1. **Failure to State a Claim:** The Complaint fails to state a claim upon which declaratory relief can be granted.

2. **Lack of Personal Jurisdiction:** Service of process was defective and legally insufficient. There were pages missing from the complaint and the voluminous attachments and Proof of Service falsely identifies Mr. Griffin as an agent for a Sheriff's Office, rendering it void.

1. **Improper Venue:** This action was filed in the Eastern Division despite the subject property being in the Western Division and where a substantial number of the events the complaint alleges to have  occurred.

2. **Binding Appraisal Award:** The November 12, 2025, award is binding as to the amount of loss under Tennessee law. Plaintiff has failed to show any evidence whatsoever of fraud, collusion, material mistake, or the panel exceeding its authority justifying the appraisal be set aside; and the three panel members attests to the contrary in the executed award.

3. **Estoppel and Waiver:** Old Guard's conduct during the investigation, including accepting coverage for the loss and issuing multiple payments on the claim without a reservation of rights for over eleven months, bars its current claims. In fact, it failed to raise any objection or EUO requirements until after the appraisal demand was made over a year from the date of loss.

4. **Unclean Hands:** Plaintiff's bad faith conduct, including withholding the EUO transcript and racing to a default judgment while pretending to negotiate an extension, bars it from seeking equitable relief.

5. **Condition Precedent Satisfied:** Mr. Griffin complied with all policy duties, including the submission of the Proof of Loss, demand for payment, and attendance at an EUO.

6. **Fraud on the Court:** Plaintiff's counsel knowingly misstated facts regarding service and Mr. Griffin's communications to secure and certify a default judgment.

7. **Laches:** Plaintiff delayed its investigation and the strategic filing of this action to the prejudice of the Defendants.

8. **Rule 9(b) Failure:** Plaintiff's allegations of fraud are not pled with the required particularity.

## IV. COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Mr. Griffin asserts the following counterclaims against Old Guard:

### COUNT I: BREACH OF CONTRACT

1. The insurance policy is a valid and binding contract.

2. Mr. Griffin paid all premiums on time and fulfilled all duties under the policy.

3. The appraisal provision was invoked, and a binding award of $ 220,041.43 was issued on November 12, 2025.

4. Old Guard breached the contract by refusing to pay the binding award signed by its own appraiser.

5. As a result, Mr. Griffin suffered damages in the amount of the award, plus consequential damages and applicable interest.

## COUNT II: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

6. Every insurance contract in Tennessee contains an implied covenant of good faith.

7. Old Guard breached this covenant by using a declaratory judgment action as a tactical weapon to evade a binding appraisal award.

8. Old Guard ignored undisputed evidence, including its own appraiser's signature and the contractor's affidavit, to pursue meritless allegations of fraud while in possession of the exculpatory evidence.

## COUNT III: STATUTORY BAD FAITH (T.C.A. § 56-7-105)

9. The policy was due and payable following the issuance of the appraisal award on November 12, 2025.

10. Mr. Griffin made a formal demand for payment.

11. Old Guard failed to pay within sixty (60) days of that demand and lacked a legitimate basis for its refusal, nor has one been provided to date.

12. Old Guard's refusal was not in good faith but an attempt to pressure the insured to abandon a valid claim.

13. Mr. Griffin seeks the statutory bad faith penalty of 25% of the loss.

### COUNT IV: ABUSE OF PROCESS

14. Old Guard filed this action with an ulterior motive: to "hold for naught" a binding appraisal award it does not want to pay.

15. Old Guard used the judicial process improperly by filing in the wrong division and securing a default judgment through deceptive practices regarding an extension request.

### COUNT V: DECLARATORY JUDGMENT (28 U.S.C. § 2201)

16. An actual controversy exists regarding the validity of the appraisal award.

17. Mr. Griffin seeks a declaration that the appraisal award is binding, the loss is covered, and that he has committed no fraud.

### COUNT VI: EQUITABLE ESTOPPEL

18. Old Guard induced delay by accepting liability and participating in the appraisal process and leading Mr. Griffin to believe the dispute was being resolved through that mechanism.

19. Old Guard is estopped from reserving rights and asserting defenses it waived by applying coverage and paying on the claim for nearly a year. No reservation of rights was issued until Mr. Griffin demanded appraisal.

## COUNT VII: NEGLIGENT MISREPRESENTATION / FRAUD ON THE COURT

20. Old Guard knowingly misrepresented the date of loss and the authenticity of documents in its pleadings.

21. Old Guard relied on an unverified and unsigned EUO transcript it knew was unsigned and unauthenticated when they filed their complaint.

22. These misrepresentations were intended to deceive the Court into entering, and certifying, a default judgment.

## COUNT VIII: ENFORCEMENT OF APPRAISAL AWARD

23. The appraisal process is the policy's chosen method for resolving disputes over the amount of loss and there were/are no coverage disputes for the court to decide because Plaintiffs had already determined that the roof was covered and accepted liability and issued payments.

24. A valid award was issued and signed by all three impartial members of the appraisal panel, including Plaintiff's appraiser.

25. Mr. Griffin is entitled to a judgment enforcing full payment of the award.

## V. PRAYER FOR RELIEF

Defendant William Griffin respectfully requests that this Honorable Court:

1. Dismiss Plaintiff's Complaint for Declaratory Judgment with prejudice;

2. Vacate the Default Judgment Order and Certification.

3. Confirm and enforce the Appraisal Award of $ 220,041.43;

4. Award the statutory bad faith penalty pursuant to T.C.A. § 56-7-105.

5. Award any compensatory, consequential, and punitive damages alllowable;

6. Award prejudgment interest and all costs of this action; and

7. Grant any other relief the Court deems just and proper.

Dated: <u>March 23, 2026</u>

Respectfully submitted,

<u>s/William Griffin</u>
William Griffin,
Pro Se Defendant
128 Poplar Street
Gadsden, TN 38337
P: 731.420.1402
E: <u>william@griffinlossconsultants.com</u>

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon counsel for Plaintiff via the Court's CM/ECF system and/or electronic mail, on this **23rd** day of **March**, 20**26**.

To: James R. Tomkins SMITH & TOMKINS 25 Century Boulevard, North, Suite 606 Nashville, Tennessee 37214 Email: <u>jtomkins@smithtomkins.com</u>

<u>s/William Griffin</u>
William Griffin,
Pro Se
