# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

|  |  |
|---|---|
| **OLD GUARD INSURANCE COMPANY,**<br>        **Plaintiff,**<br><br>**v.**<br><br>**CLAUDE HEATH and WILLIAM GRIFFIN,**<br>        **Defendants.** | **No. 25-cv-01282-STA-jay** |

## ORDER DENYING DEFENDANT GRIFFIN'S
## MOTION TO VACATE DEFAULT JUDGMENT

On February 12, 2026, the Clerk of the Court entered default against Defendant William Griffin in this declaratory judgment action. (ECF No. 17.) According to the proof of service filed with the Court, Defendant was personally served with the summons and complaint by Lee Ward, an officer with the Crockett County Sheriff's Department, on January 14, 2026. (ECF No. 15.) However, Defendant failed to file an answer or otherwise defend against the complaint within the time specified by the Rules of the Court.

On February 20, 2026, a default judgment and certification of judgment order as final was entered. (ECF No. 20.) The order granted Plaintiff a default judgment against Defendant Griffin and set aside the appraisal award of November 11, 2025, referenced in paragraph 16 of the Complaint. (ECF No. 3.) The order also declared that "[t]here is no coverage under policy number of 247827Q issued by Old Guard Insurance Company (referred to as "the policy" in paragraph 6 of the Complaint) for the claim made by William Griffin referred to as "the claim" in paragraph 7 of the Complaint."  (Ord. pp. 1-2, ECF No. 20.)

On March 23, 2026, Defendant Griffin, pro se, filed a motion to vacate the default judgment order and certification of judgment. (ECF No. 25.) He also moved to set aside the Clerk's entry of default. Defendant filed his motion pursuant to Federal Rule of Civil Procedure 60(b)(4) on the ground that the judgment is void due to defective service of process and violations of fundamental due process. In the alternative, he seeks relief under Rule 60(b)(1) for excusable neglect and Rule 55(c) for good cause. Defendant filed his answer and counterclaim that same day. (ECF No. 26.) Plaintiff responded in opposition on April 6, 2026. (ECF No. 28.)  For the reasons set forth below, Defendant's motion is **DENIED**.

Under Rule 55(c) of the Federal Rules of Civil Procedure, a district court should set aside default upon a showing of "good cause." In determining whether good cause exists, the district court must consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citation omitted).  The party seeking to set aside the default must establish that the default did not result from culpable conduct; only if this is established should the Court consider the other two factors. *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).  A motion to vacate a default judgment is analyzed under the stricter standards of Rule 60(b) "rather than under the more lax standards governing a motion to vacate the entry of default under Rule 55(c)." *Id.* (citation omitted). Therefore, the Court will look to Rule 60(b) in making its decision.

Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; ...

2

(4) the judgment is void; ... [or]

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In this case, Defendant argues that the judgment against him is void under Rule 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations omitted). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* "A judgment is not void, for example, simply because it is or may have been erroneous." *Id.* (citations and quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance [when] a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271 (citations omitted).

Rule 60(b)(6) is a "catchall provision" under which a court may grant relief from an order for "any other reason that justifies relief." The limit on Rule 60(b) relief due to "public policy favoring finality of judgments and termination of litigation" is especially pronounced "in an application of subsection (6) of Rule 60(b)." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citations and quotation marks omitted). "This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." *Id.* "Relief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). Such circumstances are "those unusual and extreme situations [when] principles of equity mandate relief." *Export-Import Bank of U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (citations and quotation marks

3

omitted). "In addition to the requirement of exceptional circumstances, a Rule 60(b)(6) movant must also satisfy the three equitable factors required for Rule 55 relief: (1) lack of prejudice to the plaintiff; (2) a meritorious defense; and (3) whether the defendant's culpable conduct led to the judgment." *Id.* (citation omitted). In the "vast majority of the cases finding that extraordinary circumstances do exist," the moving party "is completely without fault for his or her predicament.'" *Honickman*, 605 U.S. at 212 (quoting 12 J. Moore, D. Coquillette, G. Joseph, G. Vairo, & C. Varner, *Moore's Federal Practice* § 60.48[3][b], p. 60–188 (3d ed. 2024)).

In his motion, Defendant maintains that service on him was defective. First, he claims that the complaint was in "disarray and pages were missing from the complaint." Next, he points out that the proof of service mistakenly states that the summons was served on "William Griffin who is designated by law to accept service of process on behalf of Crockett County Sheriff's Department." However, the summons also states that it was served on "William Griffin" by Lee Ward on January 14, 2026.

As equitable reasons for setting aside the default judgment, he claims that he did not discover that his attorneys were not handling this matter until February 18, 2026 (although the attorneys' letter states that the firm withdrew from representation as of December 16, 2025). Additionally, he asked Plaintiff's attorney for an extension of time and then did not see the proposed default order sent to him by Plaintiff's attorney because of a mishap with his phone. (Griffin Aff. pp. 11-13, ECF No. 25 ("[N]or did I see the proposed default order he had attached to another email sent later that evening due to opening from my phone it appeared to be the same email.")

Taking the last two arguments first, Defendant admits that he knew by February 18, prior to the entry of default judgment, that his attorneys were not representing him. It was incumbent

4

upon Defendant to make sure that Plaintiff had agreed to an extension of time and yet he did nothing other than make an inaccurate assumption about a later sent email. Defendant then waited until more than a month later on March 23, 2026, to file his motion to set aside.

As for the incorrect insertion by the process server that Defendant was authorized to accept service on behalf of Crockett County Sheriff's Department, this insertion does not have any effect, legal or otherwise, on the validity of the service. The return of service (ECF No. 15) shows that Defendant was personally served on January 14, 2026, by Lee Ward of the Crocket County, Tennessee Sheriff's Department. Tellingly, Defendant has not disputed that he was, in fact, personally served with process. Nor does he contend that he was prejudiced or misled by the incorrect insertion.[1] Accordingly, the Court finds that Defendant was properly served with process.

Additionally, Defendant has failed to show that his due process rights were violated to the extent that the default judgment should be set aside. Defendant admits that he did not see the default order sent to him by Plaintiff's counsel because of a mistaken assumption on his part– not that it was not sent. As noted by Plaintiff, Defendant could have filed a motion for extension of time with the Court instead of waiting over a month to file anything and only after the entry of a default by the Clerk and entry of a default judgment by the Court. Defendant has failed to show that he was deprived of the opportunity to be heard during this litigation. Instead, his own culpable behavior led to the granting of the default judgment.

---

[1] The Court takes judicial notice of the fact that Defendant Griffin is experienced with litigation. *See*, *e.g.*, *Owners Ins. Co. v. Newman*, 21-cv-2386-STA-tmp; *Griffin v. American Select Ins. Co.*, 21-cv-2818-STA-jay; *BC North Partners v. Pennsylvania National Mutual Casualty Ins. Co.*, 24-cv-1114-STA-jay; *P&G Construction Consultants, LLC v. Pennsylvania National Mutual Casualty Ins. Co.* 24-cv-1166-STA-jay.

Plaintiff asserts that it would be prejudiced if the default judgment is set aside because of the effort and expense expended in following the applicable Federal Rules of Civil Procedure. To set aside the default in this case would, at minimum, result in loss related to the cost of prosecuting the entry of default and judgment for default and then being forced to respond to Defendant's motion to vacate. The Court finds this argument to be persuasive.

Assuming without deciding that Defendant has a meritorious defense, this factor does not overcome his culpability in failing to defend against the action in a timely manner and the prejudice to Plaintiff if the default judgment is set aside. Because Defendant has not met his "heavy burden of showing his entitlement to Rule 60 relief," *Ghaleb v. Am. S.S. Co.*, 770 F. App'x 249, 249–50 (6th Cir. 2019), Defendant's motion is **DENIED**.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 16, 2026

6